UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  DAVID B. CAULKETT                          Chapter 7

    Debtor.                                                   Case No. 6:13-bk-05537-KSJ

---

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

**Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within thirty (30) days from the date of service of this paper. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at 400 West Washington Street, Suite 5100, Orlando, Florida 32801 and serve a copy on David J. Volk, attorney for Debtor, DAVID B. CAULKETT, at 700 S. Babcock Street, Suite 402, Melbourne, Florida 32901. If you file an objection within the time permitted, the Court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

### AMENDED MOTION TO DETERMINE SECURED STATUS OF CLAIM AND TO STRIP MORTGAGE LIEN

Debtor DAVID B. CAULKETT, by counsel, file this Amended Motion to Determine the Secured Status of Claim and to Strip Mortgage Lien with respect to a second mortgage held by Bank of America, N.A. and states as follows:

1.    A Voluntary Petition for relief under Chapter 7 of Title 11 of the United States Code was filed herein on May 2, 2013.

2.    At the time of filing, debtor's home was subject to two (2) mortgages: a first mortgage in the amount of $183,264.00 held by Seterus, Inc. and a second mortgage in the amount of $47,855.00 held by Bank of America, N.A. which was dated May 31, 2006, and recorded in Official Records Book 5658, Page 1370 of the Public Records of Brevard County, Florida.

3. Debtor's home is located at 2490 Grand Teton Blvd., Melbourne FL 32935, more particularly described as:

> Lot 31, Block E, LANSING RIDGE PHASE TWO, according to the plat thereof, recorded in Plat Book 38, Page(s) 19 & 20, of the Public Records of Brevard County, FL.

4. At the time of filing the Fair Market Value of Debtor's home was $98,000.00.

5. At the time of filing, Bank of American N.A.'s junior lien was wholly unsecured and, thus, void under 11 U.S.C. § 506(a) and (d). In re McNeal, 2012 WL 1649853 (11th Cir. 2012); see also Folendore v. United States Small Bus. Admin., 862 F.2d 1537 (11th Cir. 1989).

6. The second mortgage should be declared void, unenforceable, stripped off, and of no further force and effect.

**WHEREFORE** Debtor requests the junior mortgage lien of Bank of America, N.A. be declared void and unenforceable, that the same be deemed stripped off of the property, and that the Court award such other relief as is just.

## AFFIDAVIT

I, David B. Caulkett, declare under penalties of perjury, that the foregoing Motion to Determine Secured Status of Claim and to Strip Mortgage Lien is true and correct to the best of my knowledge, information, and belief.

08/20/2013
Date

/s/ David B. Caulkett
David B. Caulkett

State of Florida, County of Brevard

Sworn before me this 20th day of August, 2013.

WITNESS my hand and official seal

Signature: Tracy Wales   Affiant: ____ Known: ____ Produced ID: ✓

Type of ID: FLDL C423-162-60-111-0

TRACY WALES
MY COMMISSION # EE220565
EXPIRES July 30, 2016
(407) 398-0153   FloridaNotaryService.com

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail, first class postage prepaid, or electronically, to the U.S. Trustee, 400 West Washington Street, Suite 1100, Orlando, FL 32801; to the Chapter 7 Trustee, Gene T. Chambers, PO BOX 3000, Orlando, FL 32802; to Bank of America, PO Box 5170, Simi Valley, CA 93062-5170; to Registered Agent for Bank of America, CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324; and to the Debtor, David B. Caulkett, 2490 Grand Teton Blvd., Melbourne, FL 32935 on this 24th day of September, 2013.

VOLK LAW OFFICES, P.A.

/s/ David J. Volk
DAVID J. VOLK        #0712949
700 S. Babcock Street, Suite 402
Melbourne, FL 32901
Telephone: (321) 726-8338
Facsimile: (321) 726-8377
dvolk@volklawoffices.com

*************** **SCOTT ELLIS, CLERK OF COURT** ***************
MELBOURNE, BREVARD COUNTY, FLORIDA

**RECEIPT #:** E   000664586          **DATE:** 03-05-2013           **TIME:** 10:35:31
**RECEIVED OF:** CAULKETT DAVID BRADFORD                             **MEMO:**
**PART. ID:** 57162
**BY CLERK:** JUNE B
**CHECKS:** P   108                    $8.00

| CASH | CREDIT | CHANGE | OTHER |
|------|--------|--------|-------|
| $0.00 | $0.00 | $0.00 | $0.00 |

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|---|---|---|---|---|
| | 8700    PMT: ORM | | | $8.00 |
| | | | **TOTAL RECEIPT...** | $8.00 |

\*   CHECK/CHEQUE IS CONDITIONAL PAYMENT
\* PENDING RECEIPT OF FUNDS FROM BANK. \*

TO VIEW CASE INFORMATION, VISIT OUR WEBSITE:
www.brevardclerk.us
A $5.00 partial payment fee will be assessed each month a
partial payment is made.
If you elect to attend traffic school and fail to complete
and submit your school certificate to the Clerk by your
due date, additional fees will be due, and
your license may be suspended.

AURORA TITLE
2000 AURORA ROAD, STE H
MELBOURNE, FL 32935  193615

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423
This document was prepared by:
DEBI WHISENANT
Countrywide Bank, N.A.

7341 OFFICE PARK PLACE #202
VIERA
FL 32940

CFN 2006175600    06-12-2006 09:40 am
OR Book/Page: 5658 / 1370

Scott Ellis
Clerk Of Courts, Brevard County
#Pgs: 8    #Names: 4    Serv: 0.00
Trust: 4.50    Rec: 65.00    Excise: 0.00
____: 0.00                  Int Tax: 99.80
Mtg: 174.65

[Space Above This Line For Recording Data]

00013704460005006
[Doc ID #]

Return to:
TICOR TITLE
1450 N. Courtenay Pkwy
Suite 31
Merritt Island, Fl 32953
06-1244

**MORTGAGE**
(Line of Credit)

MIN 1001337-0001345549-1

THIS MORTGAGE, dated MAY 31, 2006, is between
DAVID B CAULKETT, A MARRIED MAN
joined by Karen Caulkett, his wife

residing at
1712 CAPE PALOS DRIVE
the person or persons signing as "Mortgagor(s)" below and hereinafter referred to as "we," "our," or "us"
and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS") a Delaware corporation
with an address of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS acting solely as nominee for
Countrywide Bank, N.A.
("Lender" or "you") and its successors and assigns. MERS is the "Mortgagee" under this Mortgage.

MORTGAGED PREMISES: In consideration of the loan hereinafter described, we hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the premises located at:
2490 Grand Teton Blvd
Street

Melbourne                                BREVARD
Municipality                             County
FL   32935-3384   (the "Premises").
State      ZIP
and further described as:

~~SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF~~

Lot 31, Block E, LANSING RIDGE PHASE TWO, according to the plat thereof, recorded in Plat Book 38, Page(s) 19 & 20, of the Public Records of Brevard County, Florida.

● MERS HELOC - FL MORTGAGE                    Page 1 of 5              Initials:
2D993-FL (11/04)(d)

*23991*                                          *13704460000000002D993*

CFN 2006175600
OR Book/Page: 5658 / 1371

DOC ID #: 00013704460005006

The Premises includes all buildings and other improvements now or in the future on the Premises and all rights and interests which derive from our ownership, use or possession of the Premises and all appurtenances thereto.

WE UNDERSTAND and agree that MERS is a separate corporation acting solely as nominee for Lender and Lender's successors and assigns, and holds only legal title to the interests granted by us in this Mortgage, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to, releasing or canceling this Mortgage

LOAN: This Mortgage will secure Lender's loan to us in the principal amount of $ 49,900.00 or so much thereof as may be advanced and readvanced from time to time to DAVID B. CAULKETT

,and

the Borrower(s) under the Home Equity Credit Line Agreement And Disclosure Statement (the "Note") dated 05/31/2006 , plus interest and costs, late charges and all other charges related to the loan, all of which sums are repayable according to the Note. This Mortgage will also secure the performance of all of the promises and agreements made by us and each Borrower and Co-Signer in the Note, all of our promises and agreements in this Mortgage, any extensions, renewals, amendments, supplements and other modifications of the Note, and any amounts advanced by you under the terms of the section of this Mortgage entitled "Our Authority To You." Loans under the Note may be made, repaid and remade from time to time in accordance with the terms of the Note and subject to the Credit Limit set forth in the Note.

OWNERSHIP: We are the sole owner(s) of the Premises. We have the legal right to mortgage the Premises to you.

OUR IMPORTANT OBLIGATIONS:

(a) TAXES: We will pay all real estate taxes, assessments, water charges and sewer rents relating to the Premises when they become due. We will not claim any credit on, or make deduction from, the loan under the Note because we pay these taxes and charges. We will provide Lender with proof of payment upon request.

(b) MAINTENANCE: We will maintain the building(s) on the Premises in good condition. We will not make major changes in the building(s) except for normal repairs. We will not tear down any of the building(s) on the Premises without first getting Lender's consent. We will not use the Premises illegally. If this Mortgage is on a unit in a condominium or a planned unit development, we shall perform all of our obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development and constituent documents.

(c) INSURANCE: We will keep the building(s) on the Premises insured at all time against loss, by fire, flood and any other hazards Lender may specify. We may choose the insurance company, but our choice is subject to Lender's reasonable approval. The policies must be for at least the amounts and the time periods that Lender specifies. We will deliver to Lender upon Lender's request the policies of other proof of the insurance. The policies must name Lender as "mortgagee" and "loss-payee" so that Lender will receive payment on all insurance claims, to the extent of this Mortgage, before we do. The insurance policies must also provide that Lender be given not less than 10 days prior written notice of any cancellation or reduction in coverage, for any reason. Upon request, we shall deliver the policies, certificates or other evidence of insurance to Lender. In the event of loss or damage to the Premises, we will immediately notify Lender in writing and file a proof of loss with the insurer. Lender may file a proof of loss on our behalf if we fail or refuse to do so. Lender may also sign our name to any check, draft or other order for the payment of insurance proceeds in the event of loss or damage to the Premises. If Lender receives payment of a claim, Lender will have the right to choose to use the money either to repair the Premises or to reduce the amount owing on the Note.

(d) CONDEMNATION: We assign to Lender the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Premises, or part thereof, or for conveyance in lieu of condemnation, all of which shall be paid to Lender, subject to the terms of any Prior Mortgage.

● MERS HELOC - FL MORTGAGE
2D993-FL (11/04)                    Page 2 of 5                    Initials:

CFN 2006175600
OR Book/Page: 5658 / 1372

DOC ID #: 00013704460005006

(e) SECURITY INTEREST: We will join with you in signing and filing documents and, at our expense, in doing whatever you believe is necessary to perfect and continue the perfection of your lien and security interest in the Premises. It is agreed that the Lender shall be subrogated to the claims and liens of all parties whose claims or liens are discharged or paid with the proceeds of the Agreement secured hereby.

OUR AUTHORITY TO YOU: If we fail to perform our obligations under this Mortgage, Lender may, if Lender chooses, perform our obligations and pay such costs and expenses. Lender will add the amounts Lender advances to the sums owing on the Note, on which Lender will charge interest at the interest rate set forth in the Note. If, for example, we fail to honor our promises to maintain insurance in effect, or to pay filing fees, taxes or the costs necessary to keep the Premises in good condition and repair or to perform any of our agreements with Lender, Lender may, if Lender chooses, advance any sums to satisfy any of our agreements with Lender or MERS and charge us interest on such advances at the interest rate set forth in the Note. This Mortgage secures all such advances. Lender's payments on our behalf will not cure our failure to perform our promises in this Mortgage. Any replacement insurance that Lender obtains to cover loss or damages to the Premises may be limited to the amount owing on the Note plus the amount of any Prior Mortgages.

(g) PRIOR MORTGAGE: If the provisions of this paragraph are completed, this Mortgage is subject and subordinate to a prior mortgage dated                              and given by us to
                                                                                                                                                                                                                          ,
as mortgagee, in the original amount of $ 0.00                              (the "Prior Mortgage"). We shall not increase, amend or modify the Prior Mortgage without your prior written consent and shall upon receipt of any written notice from the holder of the Prior Mortgage promptly deliver a copy of such notice to you. We shall pay and perform all of our obligations under the Prior Mortgage as and when required under the Prior Mortgage.

(h) HAZARDOUS SUBSTANCES: We shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Premises. We shall not do, nor allow anyone else to do, anything affecting the Premises that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Premises of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Premises. As used in this paragraph, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "Environmental Law" means federal laws and laws of the jurisdiction where the Premises are located that relate to health, safety or environmental protection.

(i) SALE OF PREMISES: We will not sell, transfer ownership of, mortgage or otherwise dispose of our interest in the Premises, in whole or in part, or permit any other lien or claim against the Premises without Lender's prior written consent.

(j) INSPECTION: We will permit Lender to inspect the Premises at any reasonable time.

NO LOSS OF RIGHTS: The Note and this Mortgage may be negotiated or assigned without releasing us or the Premises. Lender may ad or release any person or property obligated under the Note and this Mortgage with losing rights in the Premises.

DEFAULT: Except as may be prohibited by applicable law, and subject to any advance notice and cure period if required by applicable law, if any event or condition of default as described in the Note occurs, Lender may foreclose upon this Mortgage. This means that Lender may arrange for the Premises to be sold, as provided by law, in order to pay off what we owe on the Note and under this Mortgage. If the money Lender receive from the sale is not enough to pay off what we owe, we will still owe the difference which Lender may seek to collect from us in accordance with applicable law. In addition, Lender may, in accordance with applicable law, (i) enter on and take possession of the Premises; (ii) collect the rental payments, including over-due rental payments, directly from tenants; (iii) manage the Premises; and (iv) sign, cancel and change leases. We agree that the interest rate set forth in the Note will continue before and after a default, entry of a judgment and foreclosure. In addition, Lender shall be entitled to collect all reasonable fees and costs actually incurred by Lender in proceeding to foreclosure, including, but not limited to, reasonable attorneys fees and costs of documentary evidence, abstracts and title reports.

ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER: As additional security, we assign to you the rents of the Premises. You or a receiver appointed by the courts shall be entitled to enter upon, take possession of and manage the Premises and collect the rents of the Premises including those past due.

● MERS HELOC - FL MORTGAGE
2D993-FL (11/04)                                Page 3 of 5                                Initials: _____



CFN 2006175600
OR Book/Page: 5658 / 1373

DOC ID #: 00013704460005006

WAIVERS: To the extent permitted by applicable law, we waive and release any error or defects in proceedings to enforce this Mortgage and hereby waive the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale and homestead exemption.

BINDING EFFECT: Each of us shall be fully responsible for all of the promises and agreements in this Mortgage. Until the Note has been paid in full and the obligation to make further advances under the Note has been terminated, the provisions of this Mortgage will be binding on us, our legal representatives, our heirs and all future owners of the Premises. This Mortgage is for MERS and Lender's benefit and for the benefit of anyone to whom it may be assigned. Upon payment in full of all amounts owing under the Note and this Mortgage, and provided any obligation to make further advances under the Note has terminated, this Mortgage and your rights in the Premises shall end.

NOTICE: Except for any notice required under applicable law to be given in another manner, (a) any notice to us provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by regular first class mail addressed to us at the last address appearing in your records or at such other address as we may designate by notice to you as provided herein, and (b) any notice to you shall be given by certified mail, return receipt requested, to your address at
For MERS:
P.O. Box 2026, Flint, MI 48501-2026
For Lender:
1199 North Fairfax St. Ste.500, Alexandria, VA 22314
or to such other address as you may designate by notice to us. Any notice provided for in this Mortgage shall be deemed to have been given to us or you when given in the manner designated herein.

RELEASE: Upon payment of all sums secured by this Mortgage and provided the obligation to make further advances under the Note has terminated, you shall discharge this Mortgage without charge to us, except that we shall pay any fees for recording of a satisfaction of this Mortgage.

GENERAL: You can waive or delay enforcing any of your rights under this Mortgage without losing them. Any waiver by you of any provisions of this Mortgage will not be a waiver of that or any other provision on any other occasion.



CFN 2006175600
OR Book/Page: 5658 / 1374

DOC ID #: 00013704460005006

THIS MORTGAGE has been signed by each of us under seal on the date first above written.

WITNESS:

_____
Witness: Lynda Sarrica

_____
Witness: Michelle Suomi

_____ (SEAL)
Mortgagor: DAVID B. CAULKETT
           1712 CAPE PALOS DRIVE
           MELBOURNE, FL 32935

_____ (SEAL)
Mortgagor: Karen Caulkett
           1712 Cape Palos Drive
           Melbourne, FL  32935

_____ (SEAL)
Mortgagor:

_____ (SEAL)
Mortgagor:

STATE OF FLORIDA,            Brevard         County ss:

The foregoing instrument was acknowledged before me this ___05/31/06___ by
David B. Caulkett
_____
who is personally known to me or who has produced   Drivers license(s)   as identification.

_____
Notary Public



LYNDA C. SARRICA
Commission #DD208353
My Commission Expires
June 22, 2007

● MERS HELOC - FL MORTGAGE
2D993-FL (11/04)                Page 5 of 5

AURORA TITLE
2000 AURORA ROAD, STE H
MELBOURNE, FL 32935
173655



CFN 2006175600
OR Book/Page: 5658 / 1375

# PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this 31st day of May 2006, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date, given by the undersigned (the "Borrower") to secure Borrower's Note to

Countrywide Home Loans, Inc.

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

2490 Grand Teton Blvd., Melbourne, FL   32935-3384

[Property Address]

The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with other such parcels and certain common areas and facilities, as described in

Covenants, Deeds & Restrictions

(the "Declaration"). The Property is a part of a planned unit development known as

Lansing Ridge, Phase Two

[Name of Planned Unit Development]

(the "PUD"). The Property also includes Borrower's interest in the homeowners association or equivalent entity owning or managing the common areas and facilities of the PUD (the "Owners Association") and the uses, benefits and proceeds of Borrower's interest.

PUD COVENANTS. In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

A. PUD Obligations. Borrower shall perform all of Borrower's obligations under the PUD's Constituent Documents. The "Constituent Documents" are the (i) Declaration; (ii) articles of incorporation, trust instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or other rules or regulations of the Owners Association. Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

MULTISTATE PUD RIDER - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT   Form 3150 1/01
Page 1 of 3
Initials:
-7R (0008)   MW 08/00.01   VMP MORTGAGE FORMS - (800)521-7291
KC



CFN 2006175600
OR Book/Page: 5658 / 1376

B. **Property Insurance.** So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss by fire, hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, for which Lender requires insurance, then: (i) Lender waives the provision in Section 3 for the Periodic Payment to Lender of the yearly premium installments for property insurance on the Property; and (ii) Borrower's obligation under Section 5 to maintain property insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required property insurance coverage provided by the master or blanket policy.

In the event of a distribution of property insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

C. **Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

D. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Section 11.

E. **Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

F. **Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

-7R (0008)                    Page 2 of 3                    Initials: [signature] / KC                    Form 3150 1/01

CFN 2006175600
OR Book/Page: 5658 / 1377

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this PUD Rider.

_____(Seal)      _____(Seal)
David B. Caulkett           -Borrower       Karen Caulkett              -Borrower

_____(Seal)      _____(Seal)
                            -Borrower                                   -Borrower

_____(Seal)      _____(Seal)
                            -Borrower                                   -Borrower

_____(Seal)      _____(Seal)
                            -Borrower                                   -Borrower

-7R (0008)                    Page 3 of 3                    Form 3150 1/01